UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HECTOR WILMER ESCOBER PACHECO, <br><br> Plaintiff, <br><br> vs. <br><br> JANET NAPOLITANO, Secretary for DHS, <br><br> Defendants. | Case No: C 10-3413 SBA <br><br> **ORDER** <br><br> Docket 10 |

The parties are presently before the Court on Defendants' motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1)&(6). Dkt. 10. Under the version of Local Rule 7-3 in effect at the time the motion was filed, any opposition or statement of non-opposition had to be filed no later than twenty-one days before the noticed hearing date. As such, Plaintiff's response to the instant motion should have been filed by no later than June 21, 2011. Paragraph 8 of the Court's Standing Orders expressly warns as follows: "**Effect of Failing to Oppose a Motion**: The failure of the opposing party to timely file a memorandum of points and authorities in opposition to any motion or request shall constitute a consent to the granting of the motion." Dkt. 2 at 4. Moreover, on May 25, 2011, the Court issued an order granting the motion to withdraw brought by Plaintiff's counsel ("Order of 5/25/11"). Dkt. 23. In the Order of 5/25/11, the Court warned Plaintiff that he was required to file an opposition to Defendants' motion no later than June 21, 2011 or his case could be dismissed. Notwithstanding the requirements of Civil Local Rule 7-3, and the Court's warnings in its Standing Orders and the Order of 5/25/11, Plaintiff has filed nothing in response to the pending motion.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet 963 F.2d 1258, 1260 (9th Cir. 1992). As such, the failure to file an opposition to a motion to dismiss in the manner

1  prescribed by the Court's Local Rules is grounds for dismissal. <u>Ghazali v. Moran</u>, 46 F.3d 52, 53
2  (9th Cir. 1995) (per curiam).  Nevertheless, the Court will sua sponte afford Plaintiff an additional
3  opportunity to file a response to Defendants' motion to dismiss.  While the Court does not
4  countenance Plaintiff's disregard of the Local Rules, the Court grants such extension in
5  consideration of less drastic alternatives to dismissal.  See <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642
6  (9th Cir. 2002).  Nonetheless, Plaintiff is warned that the failure to file an opposition by the
7  deadline set by the Court will be deemed grounds for dismissing the action under Rule 41(b),
8  without further notice.  Accordingly,
9        IT IS HEREBY ORDERED THAT:
10       1.   Plaintiff shall file his opposition to Defendants' motion to dismiss by no later than
11 **July 13, 2011**.  If Plaintiff does not intend to prosecute this action, he should file a stipulation for
12 dismissal under Rule 41(b), a request for dismissal under Rule 41(a), or a statement of non-
13 opposition by that deadline.  The failure timely comply with this Order will result in the dismissal
14 of the action.  If applicable, Defendants shall file a reply by no later than **August 3, 2011**.
15       2.   The motion hearing scheduled for July 12, 2011 is CONTINUED to the next
16 available hearing date of **<u>September 20, 2011 at 1:00 p.m.</u>**  Pursuant to Federal Rule of Civil
17 Procedure 78(b) and Civil Local Rule 7-1(b), the Court, in its discretion, may resolve the motion
18 without oral argument.  The parties are advised to check the Court's website to determine whether
19 a court appearance is required.
20       IT IS SO ORDERED.
21
22
23 Dated:  June 30, 2011                      *Saundra B. Armstrong*
24                                       SAUNDRA BROWN ARMSTRONG
25                                       United States District Judge
26
27
28